### In the Matter of GRAND JURY PROCEEDINGS.

#### Misc. No. 76–205.

United States District Court, E. D. Michigan, S. D.

July 9, 1976.

---

Philip M. Van Dam, U. S. Atty., Detroit, Mich., Frederick J. Dana, Sp. Atty., U. S. Dept. of Justice, Detroit, Mich., for United States.

S. Allen Early, Jr., Detroit, Mich., for William Bufalino, Sr. and William Bufalino, Jr.

## MEMORANDUM OPINION

RALPH M. FREEMAN, District Judge.

This is a motion by the Government to disqualify Messrs. William E. Bufalino, Sr. and William E. Bufalino, II, from representing four (4) Grand Jury witnesses who were scheduled for appearance before the Special Grand Jury, for the Eastern District of Michigan, on July 7, 1976. Since September 4, 1975, the Special Grand Jury has been investigating possible criminal violations of Federal Law relating to the disappearance of Mr. James R. Hoffa on or about July 30, 1975. The four witnesses who were scheduled to appear before the Special Grand Jury are: Karen Schnable, Paul Ciampi, Armand Emanuel Castellito and Frederick Furino. Frederick Furino was included within the Government's July 7, 1976 motion to disqualify counsel by a supplemental motion filed on July 8, 1976.

On July 7, 1976, this Court, pursuant to the Government's application filed under 18 U.S.C. §§ 6002, 6003, ordered that Karen Schnable, Paul Ciampi and one Emanuel Castillito give testimony before the Special Grand Jury and granted them immunity from prosecution for any information compelled by that order. At the July 8, 1976 hearing on this motion, however, it was learned that the order of immunity as to

witness Mr. Castillito may be defective because it failed to correctly state his full name which is Armand Emanuel Castillito. However, Mr. Castillito, as in the case of witness Frederick Furino, has been subpoenaed to appear and give testimony before the Special Grand Jury on July 7, 1976. For purposes of this motion, this Court has considered that only witnesses Schnable and Ciampi are covered by the Court's Order of Immunity. Witnesses Castillito and Furino are subpoenaed, but non-immunized witnesses.

By its motion, the Government alleges that these four witnesses are associated with one another as fellow-employees of Local 560 of the International Brotherhood of Teamsters, Union City, New Jersey. It is further alleged that the Special Grand Jury is now in possession of information that James R. Hoffa was to meet with one Anthony Provenzano, now Secretary-Treasurer of Local 560, on or about July 30, 1975, the day on which Mr. Hoffa disappeared. On September 5, 1975, Anthony Provenzano appeared before the Special Grand Jury and was represented by William E. Bufalino, Sr. At that time, Mr. Provenzano exercised his Fifth Amendment privilege against self-incrimination and refused to testify. Certain other witnesses, who are also allegedly believed to be in possession of information to assist the Special Grand Jury in its investigation, have been represented by William E. Bufalino, Sr. and William E. Bufalino, II, when subpoenaed before the Grand Jury. A number of these witnesses have also exercised their Fifth Amendment privilege and have refused to testify before the Grand Jury. Moreover, on December 6, 1975, at a lineup held at the Oakland County Government Center pursuant to the Order of Judge Churchill, of this Court, Thomas Andretta and Gabriel and Salvatore Briguglio were represented by Mr. William E. Bufalino, Sr. and William E. Bufalino, II.

The Government claims that the four prospective witnesses involved in this motion have been called before the Grand Jury for purposes of giving testimony concerning

the activities and whereabouts of Anthony Provenzano on or about July 30, 1975, as well as information concerning other witnesses who are the subject of the Grand Jury investigation. In this respect, the four scheduled witnesses are not considered subjects of the Grand Jury investigation. Their testimony is being elicited for purposes of furthering the investigation of other witnesses who are the subject of the investigation and who have been and continue to be represented by William E. Bufalino, Sr. and William E. Bufalino, II. It is under these circumstances that the Government moves to disqualify the representation of the four witnesses by William E. Bufalino, Sr. and William E. Bufalino, II.

The Government asserts that the multiple representation of the four witnesses scheduled to appear before the Special Grand Jury gives rise to a potential for a conflict in representation that is detrimental to the Grand Jury investigation because these witnesses will be called upon to give testimony concerning other witnesses represented by the same counsel and who are the subject of the Grand Jury investigation. The Government has indicated in its argument that the mere fact that certain other witnesses represented by the same counsel have invoked the Fifth Amendment and refused to testify before the Grand Jury is not to be considered as the basis for disqualification of counsel. Instead, the Government argues that it is the fact that counsel in this case have placed themselves in a situation where conflicting loyalties could potentially affect their professional judgment that serves as a justification for their disqualification. Moreover, the Government has also indicated that it does not seek to deprive the four witnesses of counsel, but only to limit their choice of counsel where their chosen lawyers stand in a conflict of interest that is potentially detrimental to their interest as well as the public interest underlying the investigatory function of the Special Grand Jury.

In opposition to this motion, it has been argued that the Government has failed to establish a factual basis for its claim of conflict of interest in representation. It has been also asserted that in the absence of a showing of an actual conflict in representation, the Government's motion to disqualify must be denied. This Court disagrees with both of these assertions.

First, this Court, as an incident to its supervisory power over the Grand Jury, has the jurisdiction to discipline an attorney whose unethical conduct relates to the Grand Jury's proceedings. *In Re Gopman,* 531 F.2d 262 (5th Cir. 1976). Moreover, under the ABA Code of Professional Responsibility, which has been incorporated by the local Court Rule of this district, Rule 6(b)(4), this Court has the duty and responsibility to insure that the standards of professional conduct of any attorney before this Court measure up to the minimal standards of conduct set forth in the ABA Code. Rule EC 5–15 of the ABA Code of Professional Responsibility provides:

If a lawyer is requested to undertake or to continue representation of multiple clients having potentially differing interests, he must weigh carefully the possibility that his judgment may be impaired or his loyalty divided if he accepts or continues the employment. He should resolve all doubts against the propriety of the representation. A lawyer should never represent in litigation multiple clients with differing interests; and there are few situations in which he would be justified in representing in litigation multiple clients with potentially differing interests.

Secondly, this Court's duty to enforce the ABA ethical standards of professional responsibility gives this Court the added responsibility "to nip any potential conflict of interest in the bud." *Tucker v. Shaw,* 378 F.2d 304, 307 (2d Cir. 1967). This Court's responsibility in this matter extends to cases where there is a potential for a conflict of interest in multiple representation as well as where there is an actual conflict of interest in multiple representation. As the Supreme Court of Pennsylvania has aptly stated in *Pirillo v. Takiff,* 341 A.2d 896, Pa.S.Ct., 17 CrL 2383 (1975):

A Court is not bound to sit back and wait for a probability to ripen into a certainty; it may restrain conduct which has the potential for evolving into a breach of ethics before such conduct becomes ripe for disciplinary action.

█ Moreover, the record in this case satisfies this Court that the multiple representation of the four scheduled witnesses by William Bufalino, Sr. and William Bufalino, II, gives rise to not only a potential for a conflict of interest in representation, but an actual conflict as well. William Bufalino, Sr. and William Bufalino, II, have been retained by Anthony Provenzano, as well as other subpoenaed witnesses who have appeared before the Grand Jury and who are the subject of its investigation. By their representation of the four prospective witnesses, they may learn that their testimony will be detrimental to the interests of the other witnesses they have represented. Under these circumstances, William E. Bufalino, Sr. and William E. Bufalino, II, would be torn between conflicting loyalties in representation that will have a material impact on their professional recommendations and courses of actions. Given the factual setting in which the Bufalinos now stand, it is clear to this Court that a conflict of interest in multiple representation of the four witnesses does exist.

In this regard, the Court finds that the factual setting for a conflict of interest in representation in this case is clear and apparent. Finding the case in this posture, this Court holds that the Government has sustained its burden of establishing grounds for disqualification. *See In Re Gopman,* 531 F.2d 262 (5th Cir. 1976).

Any suggestion that *In Re Investigation Before April 1975 Grand Jury,* 174 U.S.App. D.C. 268, 531 F.2d 600 (1976), would command a different conclusion is unwarranted. In that case, an attorney, Mr. Rosen, had been retained by the Union to represent its members before a grand jury investigation of the violence that had occurred at the Washington Post during a labor strike on October 1, 1975. Unlike this case, the record failed to show that Mr. Rosen was in fact the personal representative of each individual witness. In fact, Mr. Rosen studiously avoided individual consultation with his clients. All that he did do was to collectively counsel the witnesses on their Fifth Amendment rights. Moreover, the government in that case had argued in its motion for disqualification that Mr. Rosen was advising the witnesses to make "blind, indiscriminate and legally unwarranted assertions of the Fifth Amendment" and that as a result the grand jury proceedings had been obstructed. In reversing the district court's order of disqualification, the D.C. Circuit specifically stated that it was not passing on the merits of the conflict of interest claim. Instead, the court held that before bringing the motion to disqualify, the government should have sought to compel testimony and seek adjudication of the validity of the Fifth Amendment claims. It was on that basis that the district court was reversed.

█ In the instant case, it is clearly established that William E. Bufalino, Sr. and William E. Bufalino, II, have been retained to represent the four prospective witnesses as well as other witnesses who have been subpoenaed before the Grand Jury. It is also clearly established by the record before this court that a conflict in interest in multiple representation exists. Here, unlike the D.C. Circuit case, the government does not claim that the mere assertion of the Fifth Amendment privilege has obstructed the grand jury's investigation, but rather that the full testimony of one witness may be damaging to another witness, creating a conflict of loyalty in representation. Moreover, the government in this case has sought an immunity order for at least witnesses Schnable and Ciampi, and in any event there is no challenge by the government to the assertion of the Fifth Amendment by the four witnesses under subpoena.

█ Finally, it has been argued that a disqualification of the representation of William E. Bufalino, Sr. and William E. Bufalino, II, would violate the four prospective witnesses' Sixth Amendment right to obtain counsel of their choice, as well as

their First Amendment freedom of association. In this respect, the four witnesses have submitted to the Court their affidavits wherein each witness has stated that he or she wishes to be represented by the Bufalinos and that they are aware of the potential for a conflict of interest in their representation. Although it may be true that these four witnesses may waive their Sixth Amendment right to effective assistance of counsel, they cannot at the same time waive the right of the public to an effective functioning grand jury investigation. It is a matter of public record that the Special Grand Jury's investigation into the disappearance of James R. Hoffa has been stalled for almost a year now. It would seem to this Court that the public has an overriding interest to see that the grand jury investigation in this matter be allowed to uncover the truth free of any potential obstructions arising from a conflict of interest in multiple representation. This Court is well aware of the fact that a grand jury may at times be the subject of abuses on the part of the government. But, this is not the case here. The Special Grand Jury has been thwarted in its efforts to uncover the truth and this Court will not stand by and permit this to continue in the future.

One last comment should be made in regard to the fact that William E. Bufalino, Sr. and William E. Bufalino, II, as the legal representative of Local 560 of the Brotherhood of the Teamsters, have extended representation to Teamster members subpoenaed before the Grand Jury. The investigation currently being conducted by the Special Grand Jury involves criminal matters that are unrelated to the lawful intraunion activities of the Brotherhood of Teamsters. The Grand Jury investigation does not, therefore jeopardize the interest of the union nor does it call into question any valid union-related interest that would justify union participation in this matter. This Court is hard pressed to find any justification for union representation of members that have come under grand jury scrutiny for possible criminal wrongdoing surrounding the disappearance of James R. Hoffa.

For all of the above reasons the Government's motion to disqualify William E. Bufalino, Sr. and William E. Bufalino, II, from representing the four prospective witnesses involved in this matter is granted.

An appropriate order shall be submitted.