**In re Fifth Pennsylvania Statewide Investigating Grand Jury [No. 2]**

618

*Harold Gondelman,* for petitioner.
*Robert A. Gracie,* for Office of Attorney General.

BAYLEY, *J.,* September 16, 1987 — The Fifth Statewide Investigating Grand Jury, pursuant to Notice 32, is conducting an investigation in which the attorney general has acknowledged that [Y], the mayor of [Z], Pa., is a target.[1] Harold Gondelman, Esq., has represented mayor [Z] in an unsuccessful motion before this supervising judge to have that investigation terminated.[2]

Petitioner, [X], is the chief of police of the City of [Y]. Pursuant to subpoenas issued by this grand jury he previously testified and produced documents on March 18, 1987 and April 15, 1987. On those occasions he was not represented by Attorney Gondelman. On August 24, 1987, he was served a subpoena to again appear and produce certain docu-

---

1. The Fifth Statewide Investigating Grand Jury is authorized by an order entered by Chief Justice Nix of the Supreme Court of Pennsylvania on April 1, 1986.

2. See *In re The Fifth Statewide Investigating Grand Jury (Motion of [Z]),* slip opinion dated September 10, 1987. The motion was dismissed on procedural grounds, not the merits.

ments before the grand jury on September 10, 1987. Represented by Harold Gondelman, Esq., Chief [X] filed a motion attacking the notice of submission no. 32 pursuant to which he has been subpoenaed. Paragraph 9 of his motion sets forth:

"All of the interrogation and material requested by the deputy attorney general to be produced before the Fifth Statewide Investigating Grand Jury relates to matters solely occurring within the city of [Z]; *your movant as chief of police and as a police officer prior thereto and his qualification; his relationship with the mayor of the city of [Z]* and the obtaining of his employment; identification of alleged prostitutes allegedly operating in and about the city of [Z]; identification of alleged numbers writers allegedly operating in and about the city of [Z]." (emphasis supplied)

The chief's motion seeks an order from this supervising judge striking the notice of submission of investigation no. 32, and an order limiting any further investigation by the attorney general of the matters contained therein. The attorney general has filed a motion to disqualify attorney Gondelman from representing chief [X]. A hearing has been held and the matter is now ready for decision.

## DISCUSSION

The Investigating Grand Jury Act, 42 Pa. C.S. §4541 et seq., provides that a witness is entitled to the assistance of counsel when subpoenaed before a grand jury to give testimony or produce evidence.[3] A witness may be accompanied by an attorney during the time the witness is actually questioned before the grand jury.[4] If the witness does not have

---

3. 42 Pa. C.S. §4549(c)(1).
4. 42 Pa. C.S. §4549(c)(1), Pa. R. Crim. P. 264.

sufficient funds to retain an attorney the witness is entitled to be represented by a court-appointed attorney.[5]

The act, at 42 Pa. C.S. §4549(c)(4), provides:

"An attorney, or attorneys who are associated in practice, shall not continue multiple representation of clients in a grand jury proceeding if the exercise of the independent professional judgment of an attorney on behalf of one of the clients will or is likely to be adversely affected by his representation of another client. *If the supervising judge determines that the interest of an individual will or is likely to be adversely affected, he may order separate representation of witnesses, giving appropriate weight to the right of an individual to counsel of his own choosing.*" (emphasis supplied)

At the evidentiary hearing attorney Gondelman represented that his sole purpose in acting as counsel for Chief [X] is to challenge the propriety of the attorney general's investigation being conducted pursuant to Notice 32. His representation of mayor [Y], a target of that investigation, was unsuccessful in an effort to achieve that same goal. Counsel has represented that he will not go into the facts with the chief and will not appear before the grand jury with him nor become a party to any matters that come up between the chief and the attorney general.

We have recently made a complete review of the issues regarding multiple representation in *In re Fifth Pennsylvania Statewide Investigating Grand Jury (Matter of Six Subpoenaed Witnesses)*, slip opinion entered June 23, 1987. The two leading Pennsylvania grand jury cases involving issues of

---

5. 42 Pa. C.S. §4549(c)(2).

disqualification of counsel from multiple representation are *Pirillo v. Takiff,* 462 Pa. 511, 341 A.2d 896 (1975), and *January 1974 Spec. Invest. Grand Jury,* 241 Pa. Super. 246, 361 A.2d 325 (1976). As the Superior Court noted in the latter case:

"The Supreme Court in *Pirillo* employed an interest-balancing approach to determine whether the supervising judge acted properly in disqualifying the appellant-attorneys. On one side of the scale the court acknowledged that in precluding multiple representation because of conflict of interest, the supervising judge necessarily limited: (1) the witnesses' right to retain counsel of their choice and waive their right to conflict-free counsel; (2) the attorneys' right to pursue their profession, which cannot be curtailed without due process of law, and, (3) the witnesses' right of freedom of speech and their right to collectively retain counsel. On the other hand, the court held that these rights are not unlimited — the public has a countervailing right to free and untrammelled grand jury investigation, a right which is served by the traditional secrecy of grand jury testimony and orderly, unobstructed procedure. As the court stated, 'none of the three rights asserted by petitioners are absolute ones; they may be weighed against competing state interests.'" (footnotes omitted) 241 Pa. Super. at 252-3, 361 A.2d at 328.

Where the government is able to show that the representation of multiple witnesses by one attorney creates actual conflicts of interest between those witnesses or that such multiple representation obstructs a grand jury investigation, counsel will be disqualified. See *In re Grand Jury Impaneled, January 21, 1975,* 536 F.2d 1009 (3d Cir. 1976); *In re Special February 1977 Grand Jury,* 581 F.2d 1262 (7th Cir. 1978); *In re Investigation Before the April*

*1975 Grand Jury*, 531 F.2d 600 (D.C. Cir. 1975); *In re Taylor*, 567 F.2d 1183 (2d Cir. 1977). In such situations a witness may not waive a public interest in the proceedings. See *In re Grand Jury Proceedings*, 428 F. Supp. 273 (E.D. Mich. 1976).

Here Chief [X] wishes to waive what is an obvious, clear, actual conflict of interest of his counsel. Since he has been subpoenaed as a witness before the grand jury he clearly has standing to challenge the propriety of the subpoena and the notice of submission. See *In re Investigating Grand Jury of Philadelphia County (Appeal of Washington)* 490 Pa. 31, 415 A.2d 17 (1980). However, he also has a right to full and effective representation by his counsel, yet his counsel has acknowledged on the record that he will not be a party to any matters that come up between him and the attorney general, and will not go into the grand jury room with him.

On these facts the conclusion is inescapable; counsel's real client is Mayor [Y], the immediate superior of Chief [X]. We are at a loss to discern how counsel can effectively represent the chief of police when he is representing a target of the investigation who is the immediate superior of the chief, when he is not willing to discuss matters that come up between the chief and the attorney general nor appear in the grand jury room with his client. Adequate representation of a client requires full representation, not such representation as is convenient as it relates to another client with whom there is a conflict of interest. We conclude that the interest of Chief [X] will or is likely to be adversely affected by such an arrangement. On these facts, balancing the interest of the government versus the interest of the client to counsel of his choice requires that we disqualify counsel. Unlike the facts in *In re Fifth Pennsylvania Statewide Investigating Grand Jury (The*

*Matter of Six Subpoenaed Witnesses), supra,* where we did not disqualify counsel from multiple representation although there was a potential conflict of interest, here, we are satisfied that counsel's multiple representation has already resulted in counsel's inability to fully protect the rights of his client as envisioned by the right to representation set forth in the Grand Jury Act. We hasten to add that we do not question counsel's ethics; after all, he has candidly acknowledged that he does not feel that he may communicate with the attorney general or the grand jury regarding the testimony to be elicited from his client. However, we do disagree with his judgment because we believe that the mayor's counsel should not be allowed to affect these proceedings in the guise of Chief [X]'s attorney, notwithstanding the chief's willingness to waive such a conflict. That is an obstruction of the grand jury's investigation. Counsel's divided loyalty has resulted in the limitation of his ability under these circumstances to act consistently in the best interest of his client. Accordingly, the following order is entered:

## ORDER OF COURT

And now, September 16, 1987, the petition to disqualify counsel from representation of petitioner is granted. The motion on behalf of [X] filed by disqualified counsel is dismissed. [X] is ordered to appear and produce documents pursuant to his original subpoena before the Fifth Statewide Investigating Grand Jury on Monday, October 19, 1987 at 1:00 p.m. This order of disqualification of counsel is without prejudice to petitioner to file any motion with respect to his rescheduled appearance under subpoena, as authorized by law.